IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LOPEZ FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-13-65-C |
| ) | |
| AEGIS SCIENCES CORPORATION, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

This matter is ancillary to a proceeding in the United States District Court for the District of South Dakota, Southern District. Defendant subpoenaed Plaintiff Lopez Foods to depose a corporate representative. Plaintiff now seeks to quash the subpoena. Plaintiff's Amended Motion to Quash argues that any duties imposed by the subpoena have been fulfilled.

According to Plaintiff, Defendant served a subpoena on Plaintiff on December 13, 2012, for a deposition to occur on December 27, 2012. However, on the day before the deposition was to occur, Defendant notified Plaintiff that the deposition was not going to occur and was canceled. Defendant "canceled" the deposition based on Plaintiff's objection to document requests included as a part of the subpoena. Plaintiff notified Defendant that it would view any failure to appear as a waiver. Plaintiff then appeared at the time scheduled for the deposition, with documents responsive to the request, and produced those documents to the court reporter. No representative from Defendant attended.

After consideration of the parties' positions, the Court finds that Plaintiff's duties pursuant to subpoena have been met. As noted above, Defendant's subpoena was served on December 13, 2012, noticing a deposition on December 27, 2012. The subpoena included a request for document

production. Pursuant to Fed. R. Civ. P. 45(c)(2)(B), a person commanded to produce documents should make any objection to that request either before the time specified for compliance or 14 days after the subpoena is served, whichever is earlier. In compliance with this rule, Plaintiff served its objections to Defendant on December 26, 2012, or the day before the deposition was to be taken. Rather than seeking an order from the Court compelling the production of the documents or otherwise obtaining a resolution of the objection, Defendant unilaterally opted to cancel the deposition. By doing so Defendant released Plaintiff from any further duties under the subpoena. If Defendant wished to reschedule the deposition, it was obligated to re-issue a subpoena to Plaintiff.

For the reasons set forth herein, the Amended Motion to Quash Subpoena for the Deposition of Lopez Foods, Inc. (Dkt. No. 5) is STRICKEN as moot as no subpoena which can be enforced is in effect.

This resolves all matters under this Court's jurisdiction and the case is therefore dismissed.

IT IS SO ORDERED this 7th day of March, 2013.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge